UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GARNELL A. MORGAN and DAVID J. BALLARD | ) ) | |
| Plaintiffs | ) | |
| v. | ) ) | COMPLAINT 5:99-CV-230-BO(3) |
| SMITHFIELD PACKING COMPANY, | ) ) ) | |
| Defendant | ) | |

## FIRST CLAIM RELIEF DISCRIMINATION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

NOW COMES, the Plaintiffs, GARNELL A. MORGAN and DAVID BALLARD by and through their Attorney, Craig James, and alleges the following:

1. That Plaintiffs are citizens and residents of Wilson County, North Carolina.

2. That the Defendant is a North Carolina Corporation, with a principal place of business in Wilson County, North Carolina.

3. That Plaintiff, Garnell A. Morgan was hired on March 11, 1998 as a Maintenance Supervisor on the second shift for the entire facility although other Supervisors were only responsible for one (1) department.

4. That Mr. Morgan was transferred from Louisville, Kentucky to Wilson, North Carolina at the expense of Smithfield Packing Company to work as a Maintenance Supervisor.

1

5. That Mr. Morgan brought 14 years of supervisory experience as well as an Educational background to work with Smithfield Packing which exceeded the comparable backgrounds of similarly situated employees.

6. That Mr. Morgan up-rooted his family and relocated to an unknown area to work with a company where he has been subjected to blatant racial statements concerning blacks working at Smithfield Packing Company by Norman Kirkland who stated he was not going to have "your kind," referring to the Plaintiff's race working at Smithfield Packing.

7. That Plaintiff was subjected to verbally abusive and scurrilous statements by Norman Kirkland, Superintendent of production on second shift, by calling Plaintiff dumb, stupid, cursing, and throwing objects and by stating that if he (Norman Kirkland) had anything to do with it Plaintiff and other blacks would not learn how to repair equipment.

8. That Plaintiff received disparate pay as compared to his white counter-parts working similar or the same positions. That Mr. Morgan was demoted after he addressed the comparison between himself and other supervisors and his pay was reduced even further even though he was hired under other pretenses.

9. That prior to his termination, Plaintiff received no verbal or written warnings concerning his job performance.

10. That on June 19, 1998, Plaintiff was terminated from his position solely because of his race.

2

11. That after being terminated from his job, Plaintiff filed a timely complaint with the Equal Employment Commission (EEOC).

12. That EEOC conducted an investigation of the charge made in the Plaintiff's complaint and thereafter issued a Right to Sue Letter based upon their investigation.

13. That the Plaintiff, Garnell Morgan, is a member of a protedted class, i.e. a minority race.

14. That the aforementioned actis by the Defendant were motivated by discriminatory intent.

15. That the Plaintiff was damaged by the loss of employment.

16. That the acts committed by the Defendant were in direct violation of Title VII of the Civil Rights Act of 1964.

17. That Plaintiff was harassed to quit his job because of his race and therefore subjected to a hostile work environment.

18. That Norman Kirkland and Andy Miller created a hostile workplace wherein the Plaintiff was subjected to abusive and scurrilous verbal language because of their race.

## SECOND CLAIM RELIEF DISCRIMINATION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

19. That Paragraphs 1-11 are hereby incorporated.

20. That Mr. Ballard began work at Smithfield Packing Company February 25, 1998 in the

bacon department and brought 5 years of experience as a mechanic.

21. That Mr. Ballard was interviewed and hired by Ed Hinton at a hourly wage of $10.00 per hour. However, when he reported to work he was told by James Bryant that he would be paid $9.35 per hour.

   he reported to work he was told by Ed Hinton that he would be paid $9.35 per hour.

22. That Mr. Ballard's white counter-parts who started the same time at the same position starting hourly wage was two ($2.00) to three ($3.00) dollars more than Mr. Ballard.

23. That Plaintiff, David Ballard was harassed to quit his job and fired because of his race.

24. That Plaintiff, Mr. Ballard, although still employed at Smithfield Packing Company, at the time the Equal Employment Commission did their investigation was still subjected to harassment to quit his job.

25. That Edmund J. Autry witnessed the verbal and racial statements made by Andy Miller, first shift supervisor when he stated to Mr.Ballard that the Plaintiff must be dumb and stupid and that he (Andy Miller) was going to have to get rid of him (the Plaintiff) just like the other stupid black guys.

26. That Plaintiffs filed a timely complaint with the Equal Employment Opportunity Commission.

27. That the EEOC conducted an investigation of the charges made in the Plaintiffs' complaint and thereafter issued a Right to Sue Letter based upon their investigation.

4

28. That as of March 10, 1999, Mr. Ballard has been terminated solely because of his race and in retaliation of filing and EEOC complaint.

29. That the acts committed by the Defendant were in direct violation of Title VII of the Civil Rights Act 1964.

30. That the Plaintiff, David Ballard, is a member of a protected class, i.e. a minority race.

31. That the aforementioned acts by the Defendant were motivated by discriminatory intent.

32. That as of March 10, 1999 was terminated from his employment and has been damaged by the loss of his employment.

33. That Bruce Owens and Andy Miller created a hostile workplace wherein the Plaintiff was subjected to abusive and scurrilous verbal language because of his race. Moveover, Mr. Ballard was threatened by a white co-worker, David Shoop and when this was reported no action was taken against said employee.

### THIRD CLAIM RELIEF DISCRIMINATION
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### HOSTILE WORK ENVIRONMENT BY DISPARATE TREATMENT

34. That Mr. Ballard called by Sherman Gillard and told that wrong employee was terminated and asked what could they do to make it right.

35. That Plaintiffs, Garnell Morgan and David Ballard were harassed to quit their jobs because of their race and were therefore subjected to a hostile work environment.

36. That Norman Kirkland and Andy Miller created a hostile workplace wherein Plaintiffs were subjected to abusive and scurrilous verbal language because of their race. Also, Mr. Ballard was subjected to physical abuse by being slapped with and empty bacon pack and being pushed away from working on the machine and told to "keep your goddam hands off the machine."

37. That upper management at Smithfield Packing Company did nothing to alleviate the racial disparity to which Plaintiffs were subjected therefore creating a hostile work place.

WHEREFORE, Plaintiffs prays of this court:

1. That all triable issues be tried by a jury.

2. That the cost of this action be taxed to the Defendant.

3. That the Plaintiff's reasonable attorney fees be paid by the Defendant.

4. That the Plaintiffs be awarded an amount in excess of 50,000 dollars.

5. That the Plaintiffs be awarded punitive damages.

5. Any and all other relief this court finds just and proper.

This the 5 day of April, 1999.

CRAIG JAMES
ATTORNEY FOR PLAINTIFFS
17-B Noble Street/P.O. Box 104
Smithfield, NC 27577
(919) 934-7001 Tel.
(919) 934-7042 Fax
Bar No. 2

NORTH CAROLINA

COUNTY OF JOHNSTON

## VERIFICATION

GARNELL A. MORGAN and DAVID J. BALLARD being first duly sworn, deposes and says that they are the Plaintiffs in the above entitled action; that they have read the foregoing Complaint and that the same is true of their knowledge except as to those matters and things alleged therein upon information and belief as to those things they believe to be true.

This the 1st day of April, 1999.

_____
GARNELL A. MORGAN

_____
DAVID J. BALLARD

Sworn and subscribed before me
this 1st day of April, 1999.

_____
NOTARY PUBLIC

My Commission Expires: 10/6/2003

(Seal: NELLIE M. DAVIS, NOTARY PUBLIC, JOHNSTON COUNTY, N.C.)